OLETA BLANTON PATTERSON V. STATE

No. 32,123. June 22, 1960

*Clay Coggins*, Roby, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge

Appellant was charged by complaint in the justice court with driving an automobile upon a public highway at a speed of 100 miles per hour. A trial in the county court, on appeal from a conviction in justice court, resulted in another conviction and a fine of $50, from which notice of appeal to this court was given.

The case is before us on one bill of exception without a statement of facts.

A peculiar aspect of the case is that both the state and appellant agree that the appeal must be dismissed, but for a different reason and with a different consequence.

Art. 53 V.A.C.C.P., providing that the Texas Court of Criminal Appeals shall have appellate jurisdiction co-extensive with the limits of the state in all criminal cases, further provides that said article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court, or county court at law, in which the fine imposed by the county court or county court at law shall not exceed $100.

The state invokes this statute and moves that the appeal be dismissed.

Art. V, Section 19, of the Constitution of Texas and Art. 60 V.A.C.C.P. provide that justice of the peace shall have jurisdiction in criminal cases where the fine to be imposed by law may not exceed $200.

It is settled law that where the justice court is without jurisdiction to try the prosecution the county court acquires none by an appeal.

Appellant urges that because of the additional premiums on certain forms of automobile insurance which would follow a conviction for speeding under the Safe Driving Insurance Plan recently promulgated by the State Board of Insurance, her punishment exceeds a fine of $100, and Art. 53 C.C.P. is not applicable.

Appellant contends, however, that considering the added insurance premiums which would follow her conviction, the maximum punishment for speeding *as to her* exceeds $200, and under Art. V, Section 19, of the Constitution the justice court was without jurisdiction to try her for speeding as a result of which the county court acquired no jurisdiction on appeal, and this court is without jurisdiction.

If, as appellant contends, the additional premiums she would be required to pay when she renewed her automobile insurance is a part of the punishment for speeding there is nothing in this

record to show that such premiums added to the $50 assessed by the jury would amount to more than $100.

Art. 53 C.C.P. requires that the appeal be dismissed.

While we need not pass upon appellant's remaining contention, we should not be understood as finding merit in the suggestion that the Board of Insurance, an administrative agency of the state, may or has by its order provided a punishment or part of the punishment for the violation of a penal law, or that such agency may or has changed the jurisdiction of justice courts and corporation courts to try prosecutions against some defendants for moving traffic law violations.

The appeal is dismissed.